UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

CHARLES COLLINS,

       Plaintiff,

  -v-                                                    No. 20 CV 5944-LTS

CAROLINE ACEVEDO HOLGUIN, FOX
CAR RENTAL,

       Defendants.

-------------------------------------------------------x

                                                           ORDER

       WHEREAS, this action was commenced by the filing of a notice of removal on July 30, 2020, (Docket Entry No. 1), and the action was subsequently transferred to the undersigned; and

       WHEREAS, the Court has reviewed the Complaint to ascertain the basis for assertion of subject matter jurisdiction in this court; and

       WHEREAS, such Complaint asserts that the Court has jurisdiction based on diversity of citizenship (28 U.S.C. § 1332), but the Complaint fails to allege Plaintiff and Defendant Caroline Acevedo Holguin's state citizenship or Defendant Fox Car Rental's state of incorporation and principal place of business; and

       WHEREAS, for purposes of diversity jurisdiction, "a statement of the parties' residence is insufficient to establish their citizenship," Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc., 87 F.3d 44, 47 (2d Cir. 1996) (citation omitted); see also Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978); Reynolds v. Wohl, 332 F. Supp. 2d 653, 656-57 (S.D.N.Y. 2004); and

       WHEREAS, for purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business," 28 U.S.C. section 1332(c)(1); and

       WHEREAS, "'subject matter jurisdiction is an unwaivable *sine qua non* for the exercise of federal judicial power,'" E.R. Squibb & Sons v. Accident & Cas. Ins. Co., 160 F.3d 925, 929 (2d Cir. 1998) (citation omitted), and Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action;" it is hereby

       ORDERED, that the defendant shall, no later than **August 17, 2020,** file and serve a Supplement to the Complaint containing allegations sufficient to demonstrate a basis for subject

matter jurisdiction in this Court or otherwise show cause in writing as to why this case should not be dismissed for lack of subject matter jurisdiction.

    SO ORDERED.

Dated: New York, New York
       August 3, 2020

                                                /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              United States District Judge